**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **IDA RENAE NOBLES, INDIVIDUALLY, K.N., MINOR, BY AND THROUGH HIS GUARDIAN KADEIDRA BELL, & L.N., MINOR, BY AND THROUGH HIS GUARDIAN MICHELLE DASHAUN SMITH AS HEIRS AT LAW TO THE ESTATE OF LANDON NOBLES**<br>*Plaintiffs*<br><br>v.<br><br>**SERGEANT RICHARD EGAL, CORPORAL MAXWELL JOHNSON, AND THE CITY OF AUSTIN**<br>*Defendants* | § § § § § § § § § § § § § §  CIVIL ACTION NO. 1:19-CV-00389 |

# PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE COURT**

Plaintiffs Ida Renae Nobles, Individually and as Heir to the ESTATE OF LANDON NOBLES, and Michelle Dashaun Smith as guardian of L.N., a Minor, and Kadeidra Bell as guardian of K.N., a Minor, file this lawsuit against Defendants Sergeant Richard Egal and Corporal Maxwell Johnson, In Their Individual Capacity and THE CITY OF AUSTIN and would show the Court and Jury the following in support thereof:

## I. PARTIES

1.      Plaintiff Ida Renae Nobles is a citizen of Texas and resides in Austin, Travis County, Texas and was the mother of Landon Nobles. She brings this claim in her individual capacity as a statutory wrongful death beneficiary and as an heir to the Estate of Landon Nobles pursuant to Texas Civil Practices and Remedies Code §§ 71. 002 *et. Seq.* and § 71.021.

2. Plaintiff K.N. is the minor child of Landon Nobles and is an heir at law to his Estate, and is a wrongful death beneficiary under Texas law. K.N. is a citizen of Texas and resides in Austin, Texas and bring this wrongful-death action pursuant to Texas Civil Practices and Remedies Code §§ 71. 002 *et. Seq.* and § 71.021, by and through his Guardian, Kadeidra Bell.

3. Plaintiff L.N. is the minor child of Landon Nobles and is an heir at law to his Estate, and is a wrongful death beneficiary under Texas law. L.N. is a citizen of Texas and resides in Austin, Texas and bring this wrongful-death action pursuant to Texas Civil Practices and Remedies Code §§ 71. 002 *et. Seq.* and § 71.021, by and through his Guardian, Michelle Dashaun Smith.

4. Defendant Sergeant Richard Egal is and was at all times relevant to this cause of action a duly appointed and acting officer of the Austin Police Department. He is being sued in his individual capacity and in his official capacity as an Austin Police Department Officer. Defendant Sergeant Richard Egal can be served at his place of business, Austin Police Department Headquarters, 715 E. 8th Street, Austin, Texas 78701. *Service is hereby requested at this time.*

5. Defendant Corporal Maxwell Johnson is and was at all times relevant to this cause of action a duly appointed and acting officer of the Austin Police Department. He is being sued in his individual capacity and in his official capacity as an Austin Police Department Officer. Defendant Corporal Maxwell Johnson can be served at his place of business, Austin Police Department Headquarters, 715 E. 8th Street, Austin, Texas 78701. *Service is hereby requested at this time.*

6. Defendant, the City of Austin is a municipal corporation located within the boundaries of the Austin Division of the Western District of Texas. Defendant City of Austin can be served through the City Manager, Spencer Cronk, at 301 West 2nd Street, 3rd Floor, Austin, Texas 78701.

## II. JURISDICTION AND VENUE

7. As this case is brought pursuant to 42 U.S.C. §1983, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331.

8. This Court has general personal jurisdiction over Defendants Sergeant Richard Egal and Corporal Maxwell Johnson as they reside and/or work in Austin, Texas, and over the City of Austin because it is a Texas municipality, within the Western District of Texas.

9. This Court has specific *in personam* jurisdiction over Defendants because this case arises out of conduct which caused the death of Landon Nobles, which occurred in Austin, Travis County, Texas, within the Western District of Texas.

10. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in Austin, Texas, which is within the Western District of Texas.

## III. FACTS

11. On or about May 7th, 2017, Landon Nobles, a twenty-four-year-old African-American Austinite, went to 6th Street in Austin to celebrate a birthday with his cousins Royie Nobles and Frankie Nobles. At approximately 2:30 am, Landon Nobles, Royie Nobles, and Frankie Nobles noticed a crowd of people gathered near the Jackalope and Moose Knuckle Pub in the 400 block of East Sixth Street and decided to observe the crowd. There was much jockeying and posturing as two people interacted as if "fixing to fight." A small crowd gathered around the fighters.

12. The crowd dispersed after a loud popping noise emanated from the crowd. Landon Nobles walked away to the nearby intersection and then after a few minutes started walking briskly away from the corner of Sixth Street and Trinity Street toward 7th and Trinity

Street, when suddenly an unidentified Austin Police Officer threw a bike in front of Landon Nobles, which caused him to fall.

13. At no time did any officer of the Austin Police Department announce their presence or instruct Landon Nobles to stop.

14. As Landon Nobles attempted to regain his balance, he was subsequently shot in the back multiple times by Sergeant Richard Egal and Corporal Maxwell Johnson. According to several non-police witnesses, Landon Nobles was not displaying a gun and posed no danger to Sergeant Richard Egal, Corporal Maxwell Johnson, or anyone for that matter at the time of the shooting, or at any time at all. There is no evidence that Defendants Sergeant Richard Egal and Corporal Maxwell Johnson or any third party feared for their lives or the lives of anyone else at the time lethal force was used against Landon Nobles.

15. Landon was killed right there on the street and he was left to die in the gutter as he bled out from the gunshot wounds inflicted by Officers Egal and Maxwell Johnson who shot Landon in the back. Twenty minutes later, Landon Nobles was later rushed to Brackenridge Hospital by Austin-Travis EMS where he was pronounced dead at approximately 3:08 am on May 7th, 2017.

16. As a result of Sergeant Richard Egal and Corporal Maxwell Johnson's unreasonable and senseless use of deadly force, Landon Nobles died after suffered agonizing pain.

17. Based on media reports, Austin Police officers use deadly force against African- American suspects at a higher rate than white suspects, even though African- Americans comprise only 8% of Austin's population. Additionally, the Austin Police Department utilizes deadly force against unarmed individuals disproportionately when the victims are African-American.

## IV.  CLAIMS

### A. 42 U.S.C. §1983: EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS SERGEANT RICHARD EGAL AND CORPORAL MAXWELL JOHNSON

18. Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

19. Defendants, who were acting under color of law, shot Nobles multiple times in the back when he posed no threat of serious bodily injury or death to anyone. In fact, Landon Nobles was not known to be armed when Officers shot and killed him.

20. As a consequence, Defendants' unlawful use of deadly force against Landon Nobles was clearly excessive and was objectively unreasonable in light of established law, and directly caused his death. Therefore, Sergeant Richard Egal's and Corporal Maxwell Johnson's actions violated Landon Nobles's Fourth and Fourteenth Amendment rights to be free from use of excessive force and any unreasonable seizure of his person.

21. As a direct and proximate result of Defendants' actions, Landon Nobles suffered agonizingly before dying. Plaintiff Ida Renae Nobles lost her twenty-four year-old son and the anguish she feels and will feel for the rest of her life is truly horrific, it is unfathomable. Both L.N. and K.N. have suffered grave emotional damage and distress as a result of the untimely and unlawful killing of Landon Nobles.  Plaintiffs are devastated beyond words.

### B. 42 U.S.C. § 1983 CLAIMS AGAINST THE CITY OF AUSTIN

22. The acts and omissions of Defendants on the occasion in question were unlawful, unreasonable, unconscionable, deliberately indifferent, wanton and depraved, and were the proximate cause and the producing cause of the injuries, aggravation of injuries, damages, and

aggravation of damages, and ultimately caused the death of Plaintiff. Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and his federal rights under § 1981.

23. Sergeant Richard Egal's and Corporal Maxwell Johnson's actions were unlawful, excessive, inappropriate, and amount to depraved and wanton use of deadly force – in that Defendant Sergeant Egal intentionally assaulted Landon Nobles by throwing his APD issued bicycle at Landon Nobles, causing Landon to trip over the bicycle and stumble to the ground, and while Landon was recovering his footing after tripping over the bicycle, Defendant Sergeant Egal himself drew his service weapon and shot Landon several times <u>in the back</u>. Then seconds later, Defendant Corporal Maxwell Johnson ran up to Landon Nobles as he was falling down after being shot in the back by Defendant Egal, whereupon Defendant Maxwell Johnson then also without any provocation or good cause shot Landon Nobles in the back several times more.

24. The City of Austin is liable to Plaintiff under 42 U.S.C. § 1983 because the City's inadequate policies, inadequate training, inadequate hiring practices, and its established customs and/or practices constituted a deliberate indifference to the deprivation of constitutional rights of black and minority citizens in this case and in similar prior cases, and those customs and practices served as the moving force behind Sergeant Richard Egal's and Corporal Maxwell Johnson's use of excessive force against Plaintiff, who Defendants Sergeant Egal and Corporal Johnson each shot in the back without provocation. These inadequate policies, customs, and/or practices include:

    a. An inadequate policy for preventing use of force violations by its police officers (de-escalation);

    b. An inadequate training program for training its officers in the proper use of force and the proper use of deadly force;

    c. An inadequate hiring policy in that it failed to screen out potential officers who presented a plainly obvious risk of committing use of force violations;

    d. An inadequate disciplinary policy in that it failed to adequately punish officers who committed excessive use of force violations;

    e. A deliberate indifference to the established unwritten custom, practice, or policy of racial targeting and racist motivations in its officers' uses of excessive force;

    f. An inadequate training program for training its officers with respect to the rights of citizens to be free from racism in law enforcement and encounters with law enforcement officials;

    g. An inadequate hiring policy in that it failed to screen out potential officers who presented a plainly obvious risk of abusing their position and taking unwarranted law enforcement actions against persons based on the race of the persons who were the subjects of those actions; and

    h. An inadequate disciplinary policy in that it failed to adequately punish officers who violated the rights of persons to be free from racially-motivated law enforcement actions.

25.     Chief of Police Brian Manley is the official policymaker for the Austin Police Department with regard to all policies relevant to the acts and omissions that resulted in the deprivation of Plaintiff's constitutional and federal rights. Chief Manley is appointed to the position of Chief by the Austin City Council.

26.     The acts of omissions of the City were a proximate cause of Plaintiff's death.

## V. DAMAGES

27. Defendants deprived Landon Nobles of his civil rights under the United States Constitution and under federal law. Moreover, these acts and omissions by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force behind the injuries and damages to Plaintiffs, and those same acts and/or omissions proximately caused and/or were the moving force behind the wrongful death of Landon Nobles. Accordingly, Plaintiffs Ida Renae Nobles, in her individual capacity and in her capacity as heir at law on behalf of the Estate of Landon Nobles, and Kadeidra Bell as Guardian of K.N., a Minor, and Michelle Dashaun Smith as Guardian of L.N., a Minor, assert claims under 42 U.S.C. §1983 and the Texas wrongful death and survivorship statutes.

28. Plaintiffs Ida Renae Nobles, Kadeidra Bell as Guardian of K.N., a Minor, and Michelle Dashaun Smith as Guardian of L.N., a Minor, in their capacities as statutory heirs asserting survival claims on behalf of Landon Nobles's Estate, have incurred damages including, but not limited to, the following:

- Physical pain and mental anguish suffered by Landon Nobles prior to his death; and
- Funeral and burial expenses.

29. Plaintiffs K.N. and L.N., Landon Nobles surviving minor children, asserting a wrongful death claim, have incurred damages including, but not limited to, the following:

- Past and future mental anguish; and
- Past and future loss of companionship, society, services, and affection with their father.

30. Plaintiff Ida Renae Nobles, in her individual capacity asserting wrongful death claims, has incurred damages including, but not limited to, the following:

- Past and future mental anguish; and

- Past and future loss of companionship, society, services, and affections with her son.

## VI. EXEMPLARY DAMAGES

31.     The conduct of Sergeant Richard Egal and Corporal Maxwell Johnson justifies an award of punitive and exemplary damages against Sergeant Richard Egal and Corporal Maxwell Johnson individually due to their extreme, outrageous, and unjustifiable conduct. Sergeant Richard Egal and Corporal Maxwell Johnson acted with malice and acted intentionally, recklessly, or with callous indifference to the unlawful deprivation of Plaintiff's constitutionally protected rights.

## VII. ATTORNEY'S FEES

32.     It was necessary for Mrs. Ida Renae Noble, Kadeidra Bell as Guardian of K.N. and Michelle Dashaun Smith as Guardian of L.N. to hire the services of the undersigned attorneys to represent them in this complex and difficult proceeding and attendant cause of action.  The Plaintiffs hired the undersigned attorneys to represent them, and pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, they are entitled to recover their reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim. Plaintiffs are entitled to an award of attorney's fees and costs including, but not limited to, expert witness fees pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act when they prevail.

## VIII. PRESERVATION OF EVIDENCE

33.     Plaintiffs requests and demands that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incident above described, which may form the basis of this

Complaint including, but not limited to video, recorded statements, photographs, e-mails, text messages, and personal or official notes made by any of the Officers or the City of Austin.

## IX. JURY DEMAND

34. Pursuant to Federal Rule of Civil Procedure 48, Plaintiffs hereby request a jury trial.

## X. PRAYER FOR RELIEF

35. Accordingly, Plaintiffs ask that judgment be awarded against Defendants for:

   a. compensatory damages against all Defendants, jointly and severally,
   b. punitive damages as to Sergeant Richard Egal and Corporal Maxwell Johnson.
   c. attorneys' fees, including reasonable and necessary expenses such as expert fees, pursuant to 42 U.S.C. §1988,
   d. costs of court;
   e. judgement at the highest rate allowable under the law; and
   f. all other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

/s/ Edmund Davis
**EDMUND DAVIS**
LAW OFFICE OF EDMUND DAVIS

Bar Number 24028272
P.O. Box 201123
Austin, Texas 78720
Phone 512-698-2215
Email: attorney.skip.davis@gmail.com
**LEAD COUNSEL**

/s/ Charles Medearis
**CHARLES MEDEARIS**
LAW OFFICE OF CHARLES MEDEARIS
Bar Number 24044896
710 W 14th Street, Suite C
Austin, Texas 78701
Phone 512-524-0814
Email: cmedearislaw@gmail.com

**ATTORNEYS FOR PLAINTIFFS**