IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IDA RENAE NOBLES, § <br> INDIVIDUALLY, K.N., MINOR, BY § <br> AND THROUGH HIS GUARDIAN § <br> KADEIDRA BELL, & L.N., MINOR, BY § <br> AND THROUGH HIS GUARDIAN § <br> MICHELLE DASHAUN SMITH AS § <br> HEIRS AT LAW TO THE ESTATE OF § <br> LANDON NOBLES, § <br>      Plaintiffs, § <br> § <br> v. § <br> § <br> SERGEANT RICHARD EGAL, § <br> CORPORAL MAXWELL JOHNSON, § <br> AND THE CITY OF AUSTIN, § <br>      Defendants. § | CIVIL ACTION NO. 1:19-cv-00389-ML |

**DEFENDANTS' MOTION TO EXCLUDE OPINIONS AND
TESTIMONY OF KEITH HOWSE**

TO THE HONORABLE MARK LANE, UNITED STATES MAGISTRATE JUDGE:

Defendants Richard Egal, Maxwell Johnson and the City of Austin file this Motion to Exclude Expert Opinions and Testimony of Keith Howse pursuant to Federal Rules of Evidence 401, 403 and 702 as follows:

## I.   Introduction

Plaintiffs bring a §1983 claim for excessive force against Officers Richard Egal and Maxwell Johnson and a §1983 *Monell* claim against the City of Austin as a result of the death of Landon Nobles. Plaintiffs' expert Keith Howse's opinions regarding the officer-involved shooting which is the subject of this lawsuit should be excluded because his opinions are not reliable and will not assist the jury.

## II.     Standard of Review

The admissibility of expert testimony is governed by FRE 702.  The Supreme Court has likened the trial court's role in determining the admissibility of expert testimony to that of a "gatekeeper," tasked with screening potential expert opinions for reliability and relevance. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 590 U.S. 579, 595 (1993).  Expert testimony is admissible only (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of fact to understand the evidence or resolve a disputed factual issue.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).  The Fifth Circuit has also held that expert testimony should be excluded under FRE 403 when the trial court, acting as a gatekeeper, determines that the probative value of the expert opinion is substantially outweighed by risks of prejudice, confusion of the issues, or waste of time.  *See Barrell of Fun, Inc. v. State Farm Fire & Casualty Co.*, 739 F.2d 1028, 1033 (5th Cir. 1984) (holding that expert testimony must satisfy FRE 403 to be admissible), *abrogated on other grounds by U.S. v. Posado*, 57 F.3d 428, 429 (5th Cir. 1995); *see also General Elec. Co. v. Joiner*, 522 U.S. 136, 148 (1997) (Breyer, J., concurring).  The proponent of expert testimony bears the burden of proving that it is reliable.  *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580-81 (5th Cir. 2001).

Moreover, "[E]pert testimony serves to inform the jury about affairs not within the understanding of the average man."  *Elliot v. Amadas Industries, Inc.*, 796 F.Supp.2d 796, 805 (S.D. Miss. 2011) (internal quotations omitted), *citing United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993); *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986) (holding that expert testimony should not be admitted "as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance").

Additionally, expert witnesses are not permitted to offer opinions on the credibility of

another witness.  *See United States v. Moore*, 997 F.2d 55, 58-59 (5th Cir. 1993) (holding in criminal law context that expert witnesses may not offer testimony that he believes another witness) (*citing United States v. Price*, 722 F.2d 88 (5th Cir. 1983)); *see also DiBella v. Hopkins*, 403 F.3d 102, 121 (2d Cir. 2005) ("[E]xpert witnesses may not testify based on their personal view of the veracity of a lay witness's testimony").  Jurors are fully capable of determining the credibility of a witness.  Therefore, any expert opinion regarding a witness's credibility will not assist the jury and should be excluded under FRE 702.  *See U.S. v. Offill,* 666 F.3d 168, 175 (4th Cir. 2011) ("The touchstone of [FRE 702] is whether the testimony will assist the jury").

### III. Howse's opinion that there is a question of fact as to whether the use of deadly force was objectively reasonable is inadmissible.

Plaintiffs have designated Keith Howse as an expert witness in the field of "police conduct and police practices."  (Doc. 21, p. 2)  Howse's report provides a short summary of the testimony of various witnesses to this incident and states that "[c]itizen witness testimony and APD officer statements are also inconsistent with regard to whether Mr. Nobles attempted to harm any APD officers or any member of the public."  (Ex. 1, p. 10)  Howse then offers the only opinion contained in his expert report:  "[t]herefore, whether the use of deadly force was objectively reasonable and immediately necessary for the circumstances and whether the use of deadly force against Mr. Nobles was to stop a fleeing person that posed a significant threat are disputed matters for the trier of fact."  (Ex. 1, p. 10) Evidently, Howse is not going to offer any opinions other than his opinion that there are disputed fact issues for the jury to decide.

The opinion offered by Howse is not admissible under FRE 702 because it will not help the trier of fact understand the evidence or to determine a fact issue.  Howse's opinion that whether the officers' use of deadly force was objectively reasonable is a disputed matter for the

trier of fact should be excluded. This purported opinion offers no specialized testimony about matters outside the scope of the knowledge of the jurors and provides no assistance to the jurors. The jurors in this case do not need an expert, or any other witness, to advise them on what factual issues they must decide and the rules of law to follow when deciding any factual issues. Both of these functions are provided by the Court's jury instructions.

Additionally, Howse's testimony that the officers' versions of the incident and other witnesses' versions of the incident are inconsistent is also not appropriate expert testimony and should be excluded. This testimony is not helpful to the jury since the jury can evaluate the credibility of the witnesses along with the physical evidence to determine any factual issues. The jurors will be fully capable of determining the credibility of witnesses, and they need no specialized knowledge of an expert to assist them with making determinations of whether witnesses' testimony is inconsistent. Accordingly, the Court should exclude Howse's testimony that the versions of the incident offered by APD officers and other witnesses are inconsistent.

### DEFENDANTS' PRAYER FOR RELIEF

For the foregoing reasons, Defendants Egal, Johnson and the City of Austin respectfully request that Plaintiffs' expert, Keith Howse, be excluded from providing any testimony in this case.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN RILEY, CHIEF OF LITIGATION

/s/   H. Gray Laird III
H. GRAY LAIRD III
Assistant City Attorney
State Bar No. 24087054
gray.laird@austintexas.gov
City of Austin Law Department
P.O. Box 1546

Austin, Texas 78767-1546
Telephone: (512) 974-1342
Facsimile: (512) 974-1311

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on the 14th day of May 2021, I served a cop*y of Defendants' Motion to Exclude* on all parties, by and through their attorneys of record, in compliance with the Federal Rules of Civil Procedure.

**<u>Via CM/ECF</u>:**
Edmund Davis
State Bar No. 24028272
attorney.skip.davis@gmail.com
LAW OFFICE OF EDMUND DAVIS
P.O. Box 201123
Austin, Texas 78720
Telephone:  (512) 698-2215

Charles Medearis
State Bar No. 24044896
cmedearislaw@gmail.com
LAW OFFICE OF CHARLES MEDEARIS
710 W 14th Street, Suite C
Austin, Texas 78701
Telephone: (512) 524-0814

**ATTORNEYS FOR PLAINTIFFS**