**IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION**

| | | |
|---|---|---|
| **IDA RENAE NOBLES,** | § | |
| **INDIVIDUALLY, K.N., MINOR, BY** | § | |
| **AND THROUGH HIS GUARDIAN** | § | |
| **KADEIDRA BELL, & L.N., MINOR, BY** | § | |
| **AND THROUGH HIS GUARDIAN** | § | |
| **MICHELLE DASHAUN SMITH AS** | § | |
| **HEIRS AT LAW TO THE ESTATE OF** | § | |
| **LANDON NOBLES,** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 1:19-CV-00389-ML** |
| **v.** | § | |
| | § | |
| **SERGEANT RICHARD EGAL,** | § | |
| **CORPORAL MAXWELL JOHNSON** | § | |
| **Defendants.** | § | |

## PLAINTIFFS' MEMORANDUM IN AID OF MEDIATION

As ordered by Judge Mark Lane on 08 March 2022 in docket number 98, this memorandum is submitted in aid of reaching a mediated settlement.

First off, **this case is a rare jury verdict**. There have been <u>just 3 jury awards for the Plaintiff</u> in the past 7 years in Austin. And only the Nobles trial was a wrongful death resulting from an Officer Involved Shooting. (OIS). The other 2 jury verdicts in the Austin division were a 2015 excessive force trial and another in 2016. So, there is no comprehensive body of jury trials to compare Nobles with when it comes to the question of monetary jury awards, especially if the relevant jurisdiction is restricted to just Austin cases involving the City of Austin. The majority of cases whether excessive force or wrongful death are settlement cases. Settlement results reflect the measured calculations and negotiations by the parties pre-trial, and those calculated settlements

though arriving at an agreed resolution, are not the same as a verdict by the people.  Settlement is not an expression by the people of what the public considers to be objectively reasonable Law Enforcement behavior in the 4th Amendment context.  But a jury verdict in a wrongful death case is both the public's expression of what is objectively reasonable or unreasonable LE behavior, and it is also a declaration of what a human life is worth when killed or injured at the hands of LE. A jury trial is the true declaration by the people of what justice looks like. Also, a jury verdict answers important public policy questions, while a settlement does not. In other words, comparing jury verdicts to a body of settlements is like comparing apples to oranges.

Although the court asked that we provide just 2 sets of information (settlements in Austin since 2015, and persuasive caselaw regarding remittitur and the Maximum Recovery Rule (MRR), we thought it would be instructive to take a comprehensive look at the MRR.  (See Exhibits 1 and 2).

We define "relevant facts" as serious injury or death resulting from Law Enforcement personnel. Other relevant information: number of parties; total jury award or settlement; the remittitur if any; the published sum of settlement, if publication was allowed.

## MAXIMUM RECOVERY RULE

1.  The Fifth Circuit formulated a guide, the Maximum Recovery Rule, specifically as a guide to aid courts that are doing remittitur when reducing clearly *excessive awards.*[1]

---

[1] Awards / settlements that are remarkable but not excessive. Note that the awards have been progressively increasing in value as time passed.
- *Wackenhut v Delarosa,* 305 SW3rd 594 (13 COA, 2009). Texas jury verdict for $45 million death in correctional facility by Officers. Court of Appeals reduced to $42 million because one of the parties passed away. Settlement not reported.
- *George Floyd (2021)* in Minneapolis MN settled for $27 million with $500,000 designated for community development.
- *Breonna Taylor (2020)* SWAT raided wrong apartment in Louisville KY settled for $12 million.
- *Tamil Rice (2016)* in Cleveland OH, $6 million. The kid in playground had a toy gun was killed by police.
- *Eric Gardner (2015)* strangled to death by NYCPD in NYC settled for $5.9 million.

"To this end, damages are reduced to the maximum amount a reasonable jury could have awarded. In order to calculate the maximum amount a reasonable jury could award, [the] Court looks not only to actual [past] awards, but may also apply a multiplier of fifty percent to past similar awards, so long as no multiplier was used in calculating those past awards." *Vogler v. Blackmore*, 352 F.3d 150, 156 (5th Cir. 2003) (citing *Giles v. Gen. Elec.Co*., 245 F.3d 474, 488 (5th Cir.2001) & *Salinas*, 286 F.3d at 831, 831 n. 6.).

2.  The Maximum Recovery Rule is <u>not a mandatory award reduction rule</u>. Nor is the Maximum Recovery Rule a formula that is automatically triggered. Rather, the Maximum Recovery Rule is a permissive rule that acts to normalize only <u>excessive</u> awards. "When evaluating jury awards, this Court reviews such awards in the context of awards in cases with similar injuries in the relevant jurisdiction." *Vogler* 352 F.3d at 156 (5th Cir. 2003) (citing Salinas, 286 F.3d at 831, 831 n. 6.).

PLAINTIFFS' RELEVANT CASES

Interestingly, in arguing for remittitur in their Motion for JMOL (document 92), Defendants selected factually <u>dissimilar</u> cases—cases based on motor vehicle accidents or other incidents unrelated to law enforcement killings. Thus, Defendants' cases are all irrelevant and should be rejected because they bear no similarity on the remittitur of damages procedure under the Fifth Circuit's Maximum Recovery Rule, as discussed above. *Vogler* 352 F.3d at 158; *Lebron* 279 F.3d at 326; *Longoria* 932 F.3d 360.

We are of the opinion that the relevant case in the relevant jurisdiction that the court should refer to for guidance refer to *Goodman v Harris County*, a federal case, where the jury awarded

the mother of a man shot to death by the police $5 million dollars. The Fifth Circuit <u>affirmed</u> the award, stating that a "reasonable jury" could find that the officer who shot and killed a fleeing suspect, applied excessive and unnecessary force: "[I]t is clear that a reasonable jury could conclude that [the officer's] use of force was not reasonable under the circumstances known to him at the time of the incident." *Goodman v. Harris Cty.*, 571 F.3d 388, 398 (5th Cir. 2009). This case and relevant facts are analogous to the facts at hand in the *Nobles* case, except in one important measure: *Goodman* had but one single plaintiff, the mother. Had Goodman more plaintiffs, the result would have been <u>multiplied by the number of additional plaintiffs</u>. *Frazier v. Honeywell Intern., Inc.,* 518 F. Supp. 2d 831 (E.D. Tex. 2007).  In our case, *Nobles* has three plaintiffs, and an Estate, and all three plaintiffs and the Estate were each individually compensated by the Jury. The Nobles estate was specifically awarded 3 million itself. In order to correctly apply the Maximum Recovery Rule to a relevant case, such as the  *Goodman* case were it to be selected as the similar and relevant case, the Fifth Circuit rule  "permits a verdict at 150% of the *highest inflation-adjusted recovery* in an analogous,  published decisions." *Longoria v. Hunter Express, Ltd.,* 932 F.3d 360, 365 (5th Cir. 2019*) (emphasis added).  What that means is that the Maximum Recovery Rule operates first to ascertain a relatively factually similar case, and then adjusts the damages award in the relevant case for inflation.  Then, secondly, the inflation adjusted amount is multiplied by 50%. Thus, the cumulative rate of inflation from 2007 (*Goodman* verdict) to 2022 would be applied to $5 million dollar award in *Goodman,* and the inflation adjusted award would equal $6,779,813.06.[2]

---

[2] https://www.in2013dollars.com/us/inflation/2007?amount=5000000

Then, the inflation adjusted award is multiplied by 150% (or add 50%) equaling $10,169,719.59 for Goodman's single plaintiff mother. [2] Again, it's important to note that in *Goodman* the damages were only assessed to <u>one single</u> <u>Plaintiff</u>: the mother.[3] But here in *Nobles*, there are three other parties who were awarded damages by the jury for a total of 4 plaintiffs: the three surviving family members, and the Landon Nobles' estate. As such, each Plaintiff should be awarded the same sum as the one plaintiff in *Goodman*. In other words, Plaintiffs suggest that <u>each</u> of the three plaintiffs are entitled to damages awards using *Goodman* as the relevant case. So when applying the *Longoria* Maximum Recovery Rule formula to *Nobles* and using *Goodman* as the relevant case, the <u>total</u> *Nobles* award could be adjusted downward from 67 million to a total of $30,509,158.78, less punitive damages and Landon Nobles' pain and suffering which is paid to the estate.

## <u>CONCLUSION</u>

In the end, it is a difficult and arduous task for the jury to determine the value of a mother's tears, it is the task of the jury to give a valuation to the weight that a child will bear having lost his father to police violence. Poor people don't have much: poor people don't have a resume or a college

---

[3] A similar result is reached using the 2017 *Barbara Coats* case, (Texas 14th Court of Appeals cause number 14-17-00732-CV), a Texas state case, where the jury awarded $11,005,000 to 2 parents of the deceased who was as asphyxiated by Police during an arrest. The award was apportioned and Parents received damages for past and future loss of companionship ($2.5M ea.); past and future mental anguish ($2.5M each); and pain and mental anguish to the estate ($1M) was assessed. This is very similar in the damage model to the *Nobles* case. With the Maximum Recovery Rule applied using the *Coats* case as the base, $11,005,000 adjusted for inflation converts to $13,054,058.32, and when multiplied by 150%=$19,581,087, divided by 2 Plaintiffs= $9,790,543 per plaintiff. *Barbara Coats* was reduced on appeal on grounds related to proximate cause of death, so *Coat* is not exactly analogous in that regard because the *Nobles* case does not have an apportionment of contribution / fault.

education, or a fat salary, or real estate holdings by which to establish the value of their lives —all

that poor people have is each other. And if you take away one of those family members, that amounts

to an enormous loss. Plaintiffs do not think that remittitur is in order. Plaintiffs contend that the jury

rightly returned its award in that whopping sum because of the hubris of the police witnesses and the

egregiousness of the facts regarding the killing of Landon Nobles. But if the court is to make a

reduction in the jury award, Plaintiffs submit that a fair settlement or remittitur amount using the

Maximum Recovery Rule as a guide will be between 9 and 30 million dollars, based on the number

of plaintiffs per *Frazier*.


Respectfully submitted,


*/s/ Edmund M. Skip Davis*
EDMUND M. DAVIS
Bar Number 24028272
P.O. Box 201123
Austin, Texas 78720
Phone 512-698-2215
Email: attorney.skip.davis@gmail.com


*/s/ Charles Medearis*
CHARLES MEDEARIS
LAW OFFICE OF CHARLES MEDEARIS
Bar Number 24044896
710 W 14th Street, Suite C
Austin, Texas 78701
Phone 512-524-0814
Email: cmedearislaw@gmail.com
ATTORNEYS FOR PLAINTIFFS