IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IDA RENAE NOBLES, § <br> INDIVIDUALLY, K.N., MINOR, BY § <br> AND THROUGH HIS GUARDIAN § <br> KADEIDRA BELL, & L.N., MINOR, BY § <br> AND THROUGH HIS GUARDIAN § <br> MICHELLE DASHAUN SMITH AS § <br> HEIRS AT LAW TO THE ESTATE OF § <br> LANDON NOBLES, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> SERGEANT RICHARD EGAL, § <br> CORPORAL MAXWELL JOHNSON, § <br> AND THE CITY OF AUSTIN, § <br>     Defendants. § | CIVIL ACTION NO. 1:19-cv-00389-ML |

**ADVISORY TO THE COURT**

TO THE HONORABLE MARK LANE, UNITED STATES MAGISTRATE JUDGE:

Defendants Richard Egal and Maxwell Johnson file this Advisory to the Court in response to the Plaintiff's June 10, 2022 Advisory to the Court (Doc. 105) as follows:

1. *Pearson v. Callahan,* 555 U.S. 223, 129 S. Ct. 808 172 L.Ed.2d 565 (2009). Contrary to Plaintiff's assertions in their Advisory to the Court and at the recent hearing, the Supreme Court in *Pearson* did not hold that qualified immunity is waived if the case proceeds to trial and is submitted to the jury. Rather, the Court in *Pearson* stated that qualified immunity is "*effectively* lost if a case is *erroneously* permitted to go to trial." 555 U.S. at 232 (emphasis added). The Court in *Pearson* held that the Tenth Circuit erred in reversing the District Court's grant of summary judgment in favor of officers based on qualified immunity. *Id.* The Court did not discuss any waiver of qualified immunity at all. Plaintiff's strained interpretation of *Pearson* would effectively nullify a party's right to seek judgment as a matter of law under Rule 50 of the Federal

Rules of Civil Procedure.

    2.    *Goodman v. Harris County.,* 571 F.3d 388 (5th Cir. 2009).

Plaintiffs contend that *Goodman v. Harris County*, 571 F.3d 388 (5th Cir. 2009), where the jury awarded $5,000,000.00 to the mother of a man shot by police, is the most factually similar case to this one. However, it should be noted that the amount of the jury verdict was not contested in *Harris* and thus was not even addressed by the Fifth Circuit. Thus, there is no discussion or evaluation of the damages evidence in *Goodman* which can be compared to the damages evidence in this case. Plaintiff's argument that had *Goodman* involved more than one plaintiff, the result would have been multiplied by the number of additional plaintiffs is pure speculation and not based on any actual facts discussed in the *Goodman* opinion. Moreover, even if the Court were to consider the *Goodman* case as a comparator for evaluating an appropriate remittitur, $3,000,000 of the $5,000,000 verdict in *Goodman* was a punitive damages award, and that portion of the *Goodman* verdict should not be considered when evaluating comparative sums under a remittitur/maximum recovery analysis.

RESPECTFULLY SUBMITTED,

/s/   H. Gray Laird III
H. GRAY LAIRD III
Assistant City Attorney
State Bar No. 24087054
gray.laird@austintexas.gov
Monte L. Barton
State Bar No. 24115616
Monte.barton@austintexas.gov
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767-1546

Telephone:  (512) 974-1342
Facsimile:   (512) 974-1311

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that, on the 14th day of June, 2022, I served a copy of the foregoing document on all parties, by and through their attorneys of record, in compliance with the Federal Rules of Civil Procedure.

**Via CM/ECF:**
Edmund Davis
State Bar No. 24028272
attorney.skip.davis@gmail.com
LAW OFFICE OF EDMUND DAVIS
P.O. Box 201123
Austin, Texas 78720
Telephone: (512) 698-2215

Charles Medearis
State Bar No. 24044896
cmedearislaw@gmail.com
LAW OFFICE OF CHARLES MEDEARIS
710 W 14th Street, Suite C
Austin, Texas 78701
Telephone: (512) 524-0814

**ATTORNEYS FOR PLAINTIFFS**